IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, and EDWARD DENORMANDIE as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH & WELFARE FUND, ) ) ) ) ) ) ) ) ) | |
| and ) ) | Case No. 08 C 3658 |
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and MICHAEL RICHARDSON as Trustees of LOCAL No. 731, INTERNATIONALBROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND, ) ) ) ) ) ) ) | Judge: Manning |
| Plaintiffs, ) ) ) | Magistrate: Cox |
| v. ) ) | |
| RIZZA CADILLAC/BUICK/HUMMER, INC. f/k/a TONY RIZZA OLDSMOBILE-CADILLAC, INC., ) ) ) ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, Rizza Cadillac / Buick / Hummer, Inc., an Illinois corporation (hereinafter "Defendant"), by and through its attorneys, Gordon & Karr LLP, as and for its Answer to the Plaintiffs' Complaint, states as follows:

**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS**

1. The Funds are multi-employer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

**ANSWER:** Defendant admits Paragraph 1 of the Complaint.

2.  Defendant RIZZA CADILLAC/BUICK/HUMMER, INC. f/k/a TONY RIZZA OLDSMOBILE-CADILLAC, INC. (hereinafter "Defendant Company"), is an Illinois corporation that is registered to do business in the state. At all relevant times, the Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a)

**ANSWER:** Defendant admits that (1) it is an Illinois corporation; (2) it is registered and duly qualified to do business in the State of Illinois; and (3) it conducts its business within the geographic boundaries of the Eastern Division of the Northern District of Illinois. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments set forth in Paragraph 2 of the Complaint.

3.  Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

**ANSWER:** Defendant admits Paragraph 3 of the Complaint.

4.  The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). At all relevant times, the Defendant Company was a party to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions on behalf of

all of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee by the 20th of every month or be subject to 10% late fee, which increases to 10% once a lawsuit is filed, as liquidated damages and assessed interest on any late payment and collection costs, including audit costs, incurred by the Funds in seeking collection of the delinquent contributions.

**ANSWER:** Defendant admits that (1) Local No. 731 is a labor organization under ERISA; and (2) Defendant is a party to the Agreement as alleged. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments set forth in Paragraph 4 of the Complaint.

5. Notwithstanding the Defendant Company's obligations under the Agreement, as revealed pursuant to a payroll audit for the period of January 1, 2005 through March 31, 2007, the Defendant Company has failed to properly report and remit contributions to the Funds for all of its employees covered by the Agreement.

**ANSWER:** Defendant denies Paragraph 5 of the Complaint.

6. Despite demand duly made, the Defendant Company has not remitted the delinquent contributions and other sums owed or otherwise submitted any written disputes and supporting documentation to the results of the audit.

**ANSWER:** Defendant denies Paragraph 6 of the Complaint. Defendant further states that prior to filing of this action, no written demand was made regarding amounts owed.

7. All conditions precedent to requiring payment of these contributions amounts to the Fund have been met.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 7 of the Complaint.

8. The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

**ANSWER:** Defendant denies Paragraph 8 of the Complaint.

9. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, the Defendant Company is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, audit costs, and reasonable attorneys' fees and court costs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment set forth in Paragraph 9 of the Complaint.

WHEREFORE, Defendant prays that this Court find in its favor and enter its order to grant to Defendant the following relief:

1. Dismiss Plaintiff's Complaint and enter judgment accordingly;

2. Grant to Defendant such other legal and equitable relief in favor of Defendant as this Court deems just and proper.

> Respectfully submitted,
> Rizza Cadillac/Buick/Hummer, Inc.
>
> /s/ John C. Eggert
> One of Defendant's Attorneys

John C. Eggert
Richard M. Karr
Gordon & Karr LLP
150 North Wacker Drive
Suite 1650
Chicago, Illinois 60606-1622
(312) 377-4450
ARDC No. 06183064

4